The CHIEF JUSTICE,
after stating the case as already given, delivered the opinion of the court.
We have already decided at this term that the first proposition of the plea in this case is no bar to an indictment under a State law taxing or prohibiting the sale of intoxicating liquors
The second proposition of the plea is nothing more than a different form of the first. Both are identical in substance.
The case of Brown v. Maryland was referred to in argument as an authority for the general proposition that the sale of goods in the same packages on which a duty had been paid to the United States cannot be prohibited by State legislation. But this case does not sustain the proposition in support of which it is cited.
The discussion in Brown v. Maryland related wholly to imports under National legislation concerning commerce with foreign nations. A law of Maryland required importers of foreign goods to take out and pay for a State license for the sale of such goods in that State; and under this law the members of a Baltimore firm were indicted for having sold certain goods in packages as imported, without having taken out the required license. The defencfe was that the duty on the goods, imposed by the act of Congress, Had been paid to the Uuited States; that the license tax was, m *479 effect, au additional import duty, wbicli could not be constitutionally imposed by State law.
This court sustained the defence then set up. It held that, by the terms of the Constitution, the power to impose duties on imports was exclusive in Congress; and that the law of Maryland was in conflict with the act of Congress on the same subject, and was therefore void.
But the defence set up in the case before us is a very different one. It is not founded on any exclusive power of Congress, nor any act of Congress in conflict with State law. It is founded on the general power to levy and collect taxes, admitted on all hands to be concurrent only with the same general power in the State governments; and upon an act of Congress imposing a tax in the form of duty on licenses, but expressly declaring that the imposing such a tax shall not be taken to abridge the power of the State to tax or prohibit the licensed business.
The defence rests, then, in this part, on the simple proposition that a law of a State taxing or prohibiting business already taxed- by Congress is unconstitutional. And that proposition is identical in substance and effect with the first proposition of the plea, and has been held in the License Tax Cases* to be no bar to; tbe indictment.
The circumstance that the State prohibition applies to merchandise in original packages is wholly immaterial. Even in the ca¡. > of importation, that circumstance is only available to the in. sorter. Merchandise in original packages, once sold by the importer, is taxable as other property. But in the case 'before us there was no importation. So far as appears the liquors were home-made, or, if not, were in second hands. And the sale of such liquors within a State is subject exclusively to State control.†
The third proposition of the plea is that fines and penalties imposed and inflicted by the State law for offences charged in the indictment are excessive, cruel, and unusual.
Of this proposition it is enough to say that the article of *480 the Constitution relied upon in support of it does not apply to State but to National legislation.*
But if this were otherwise the defence could not avail the plaintiff in error. The offence charged was the keeping and maintaining, without license, a tenement for the illegal sale and illegal keeping of intoxicating liquors. The plea does not set out the statute imposing fines and penalties for the offence. But it appears from the record that the fine and punishment in the case before us was fifty dollars and imprisonment at hard labor in the house of correction for three months. Wo perceive nothing excessive, or cruel, or unusual in this. The object of the law was to protect the community against the manifold evils of intemperance. The mode adopted, of prohibiting under penalties the sale and keeping for sale of intoxicating liquors, without license, is the usual mode adopted'in many, perhaps, all.of the States. It is wholly within the discretion of State legislatures. We see nothing in the record, nor has anything been read to us from the statutes of the State which warrants us in saying that the laws of Massachusetts having application to this case are in conflict with the Constitution of the United States.
The judgment of the Supreme Court of the Commonwealth must be
Affirmed.
Note.
The same order was made in four other cases,† “presenting,” as the Chief Justice said, “substantially the same facts and governed by the same principles.”
At a later day of the term, to wit, April 30th, 1867, several other cases on this same subject, coming here in error to'the Supreme Court of Iowa,‡ were submitted to the court on the rec *481 ords and briefs of Mr. Riddle, for the plaintiffs in error, and Mr. Cooley, contra.
On the following 7th. of May the CHIEF JUSTICE delivered the opinion of the court, that the cases resembled, in all essential features, cases already decided at this term, which presented the question of the constitutionality of State laws prohibiting, restraining, or taxing the business of’selling liquors under the internal revenue licenses of the United States; that the brief of the learned counsel for the plaintiff in error calling upon the court to review its decisions affirming the validity.of those laws, the court had done so, and was satisfied with the conclusions already announced.
The several judgments of the Supreme Court of the State of Iowa were therefore
Affirmed.

 Supra, last preceding case, p. 462.

 License Cases, 5 Howard, 504.

 Barron v. Baltimore, 7 Peters, 243.

 Lynde v. The Commonwealth of Massachusetts; Salmon v. Same; Cass v. Same; Armstrong v. Same.

 Carney v. State of Iowa; Munzenmainer v. Same; Bachman v. Same; Bahlor v. Same; Newman v. Same; Stutz v. Same; Bennett v. Same.